# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LAUREN REID,<br><br>       Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 25-1048 C<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Until her involuntary separation without cause on January 20, 2025, Plaintiff Lauren Alder Reid was an exemplary federal employee. For more than 19 years, she served continuously and with distinction in several federal government agencies, including most recently the Executive Office for Immigration Review in the United States Department of Justice. The United States has acknowledged—as it must—that Ms. Reid is entitled to severance pay under the Severance Pay Act, 5 U.S.C. § 5595. Yet the United States has inexplicably refused to pay Ms. Reid or even to respond to her inquiries about the status of her severance. Ms. Reid therefore respectfully requests that this Court award her the severance pay to which she is entitled.

### I.   PARTIES

1. Throughout her more than 19 years of federal service, Ms. Reid worked in several federal agencies, most recently serving in the Executive Office for Immigration Review ("EOIR"), a component of the United States Department of Justice ("DOJ"). Ms. Reid is a resident of Virginia Beach, Virginia and is over the age of 18.

2. The United States has acted in this matter through James McHenry and Pamela Bondi. During the relevant period, both Mr. McHenry, as the Acting Attorney General, and Ms. Bondi, as the current Attorney General, have exercised supervisory authority over DOJ and EOIR. DOJ and EOIR are both executive agencies of the United States government. DOJ has its primary office in Washington, District of Columbia. EOIR has its primary office in Falls Church, Virginia.

## II. STATEMENT OF JURISDICTIONAL GROUNDS

3. This Court has jurisdiction over this action under 28 U.S.C. § 1491(a)(1), as this matter involves a claim against the United States founded upon the Constitution, any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States.

4. The statutory basis for this Court's jurisdiction is the Severance Pay Act, 5 U.S.C. § 5595, a money-mandating statute. *See Bell v. United States*, 23 Cl. Ct. 73, 76 (1991) (holding that the Tucker Act provides jurisdiction over claims brought under the Severance Pay Act).

## III. STATEMENT OF FACTS

**A. Ms. Reid was an exemplary career federal employee for more than nineteen years.**

5. Ms. Reid began her service in 2004 as a Presidential Management Fellow in the Drug Enforcement Administration. After briefly leaving the federal government to work as a contractor for the Air and Marine Unit of U.S. Customs and Border Protection, Ms. Reid re-joined the federal government on September 11, 2006, when she became Associate General Counsel in the U.S. Sentencing Commission.

6. In 2007, Ms. Reid became an attorney advisor in the DOJ's Office of Legislative Affairs. In 2009, Ms. Reid joined EOIR as counsel. Then, in 2017, then-Director of EOIR

James McHenry approved Ms. Reid to serve as Chief of EOIR's new Immigration Law Division, which was part of the new Office of Policy. Ms. Reid served in that capacity from December 24, 2017 to March 31, 2018.

7.     When EOIR hired its first permanent Assistant Director for Policy, then-Director McHenry selected Ms. Reid for the position. Ms. Reid served in that position from August 2018 to January 20, 2025. As Assistant Director for Policy, Ms. Reid was qualified for the senior executive service ("SES") by the Department of Justice Executive Review Board and the Office of Personnel Management Qualifications Review Board. *See generally* 5 U.S.C. § 3131 *et seq*. When the Department reorganized EOIR in 2019, the Office of Policy and the Assistant Director position Ms. Reid encumbered were codified in the Federal Regulations. 84 Fed. Reg. 44537 (Aug. 26, 2019).

8.     Between 2006 and January 2025, Ms. Reid served continuously and without interruption as a federal employee.

> **B.     Ms. Reid was involuntarily separated from federal employment not for cause.**

9.     On January 20, 2025, Mr. McHenry, then serving as Acting Attorney General, terminated Ms. Reid's employment with immediate effect and removed her from the career senior executive service and federal employment.[1] DOJ notified Ms. Reid of her removal by a removal memorandum, which she received via e-mail. That memorandum did not state any cause for her termination from federal service. The sole reason given for Ms. Reid's involuntary separation from federal service was "Article II of the United States Constitution." Ex. A

---

[1] Ms. Reid has challenged her termination before the Merit Systems Protection Board. *Lauren Reid v. U.S. Department of Justice*, DC-0752-25-0525-I-1. The Court of Federal Claims maintains jurisdiction over this separate claim for severance. *Bell*, 23 Cl. Ct. at 77 ("The Claims Court is an appropriate forum to interpret and apply regulations in connection with severance pay claims.").

(Removal Memo); Ex. B (SF-52). This stated reason did not allege any "charges of misconduct, delinquency, or inefficiency." 5 U.S.C. § 5595.

10. Ms. Reid never received a performance review during her service with EOIR that was less than "Outstanding," which is the highest level that an EOIR employee can achieve. And at no time during her service, including upon her removal, did EOIR, or any other agency, allege that Ms. Reid engaged in misconduct, delinquency, or inefficiency. Ms. Reid did not retire, resign, or otherwise voluntarily separate from federal employment. Ms. Reid's separation was against her will and without her consent, and is therefore an involuntary separation pursuant to 5 C.F.R. § 550.703.

11. Ms. Reid was not offered any offer of reassignment, and therefore did not decline a reasonable offer of assignment to another position.

12. Ms. Reid is not receiving injury compensation pursuant to 5 U.S.C. chapter 81, subchapter I.

13. Ms. Reid is not eligible for immediate annuity from a Federal civilian retirement system or from the uniformed services.

14. Ms. Reid did not occupy a position for which the rate of basic pay was fixed at an Executive Schedule rate or which had a rate of basic pay in excess of the official rate of pay for Executive Schedule level I.

   C. **The United States has acknowledged its obligation to pay Ms. Reid severance, but has failed to pay.**

15. On March 14, 2025, the EOIR Separated Employee Questions Team wrote Ms. Reid to inform her that she was eligible for severance pay in the amount of $198,825.28, to be paid in 23 biweekly installments consistent with regular pay periods. Ex. C (March 14 Letter).

4

16. On March 28, 2025, the EOIR Separated Employee Questions Team informed Ms. Reid that the payments would not begin on March 31, 2025, "due to a glitch in the system," and that she would "receive [her] severance pay on or about April 14th." Ex. D (March 28 Letter).

17. Despite the EOIR Separated Employee Questions Team's March 28, 2025 correspondence, Ms. Reid did not receive the severance payments on April 14, 2025.

18. To date, Ms. Reid has not received any severance payments related to her federal employment.

19. Since April, Ms. Reid has repeatedly emailed the EOIR Separated Employee Questions Team to inquire about the status of her severance. Ex. E (communications with Separated Employee Questions Team). However, despite Ms. Reid's attempts to address the issue, EOIR has not begun the payments, nor has EOIR responded to her inquires since the agency's March 28, 2025 correspondence. To date, the agency has not advised Ms. Reid when she will begin receiving the severance payments that it has admitted it owes her.

20. On April 25, 2025, through her counsel, Ms. Reid contacted the EOIR Office of General Counsel requesting that they take action to ensure prompt payment of Ms. Reid's severance. Ms. Reid and her counsel received no response to the letter.

## IV.   CLAIM FOR RELIEF

### COUNT 1
### (5 USC § 5595 – Failure to Pay Severance

21. The allegations contained in paragraphs 1-20 are incorporated into Count I as if fully set forth herein.

22. 5 USC § 5595 mandates that "an employee who--(1) has been employed currently for a continuous period of at least 12 months; and (2) is involuntarily separated from the service,

not by removal for cause on charges of misconduct, delinquency, or inefficiency; is entitled to be paid severance pay."

23. Ms. Reid meets the definition of an employee under the Severance Pay Act. *See* 5 U.S.C. § 2105; 5 CFR § 550.703.

24. Ms. Reid was involuntarily separated from federal service on January 20, 2025. This separation was not for cause on charges of misconduct, delinquency, or inefficiency.

25. Ms. Reid is therefore due severance pay in an amount to be determined by the Court, but no less than $198,825.28.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lauren Alder Reid, by Counsel, respectfully requests that this Honorable Court enter judgment in her favor on Count I, and against Defendant as follows:

(a) Severance pay in an amount no less than **$198,825.28**, to be determined by the Court; and

(b) Any and all other relief that this Court deems just and proper


Dated:   June 23, 2025


By: */s/ Jonathan I. Kravis*
  Jonathan I. Kravis

  601 Massachusetts Avenue NW, Suite 500e
  Washington, DC 20001-5389
  jonathan.kravis@mto.com
  (202) 220-1130

  Attorney for Plaintiff Lauren Reid

6